IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANNA M. CROLEY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| v. | ) | |
| | ) | |
| UNITED AIRLINES, INC. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW Plaintiff, Anna Croley (hereinafter "Croley"), and files this Complaint against Defendant, United Airlines, Inc. (hereinafter "Defendant" or "United Airlines"), to recover all permissible damages under controlling law for Defendant's violated of Plaintiff Croley's rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* as amended by the Civil Rights Act of 1991, and the Federal Age Discrimination in Employment Act of 1967 as amended 29 U.S.C. § 621, *et seq.* ("ADEA"), and by 42 U.S.C. §2000e-3, by subjecting Ms. Croley to age discrimination and unlawful retaliation practices while employed by the Defendant.

1

## INTRODUCTION

1.     This is an action for age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (the "ADEA"), and retaliation in violation of the ADEA, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and 42 U.S.C. §2000e-3.

2.     Croley seeks injunctive relief, compensatory damages, punitive damages, back pay and lost benefits, front pay or retirement, liquidated damages, and reimbursement of her costs of litigation, including her reasonable attorneys' fees and costs for Defendant's violations of the ADEA and Title VII.

## JURISDICTION AND VENUE

3.     This Court has original jurisdiction over the present action under Article III, §2 of the United States Constitution and 28 U.S.C. §1331, because this case involves federal questions involving Title VII, a federal statute that affects interstate commerce, and the ADEA. An express grant of federal court jurisdiction over these federal claims is found in Title VII at 42 U.S.C. §2000e-5(f)(3) and the ADEA at 29 U.S.C. §621, *et seq.*

4.     Venue properly lies in the Northern District of Georgia under 42 U.S.C. § 2000e-5(f)(3) because the bulk of the unlawful employment practices alleged herein occurred in this District.

5.     Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) and (c) because the unlawful actions giving rise to this action were committed in the Northern District of Georgia.

## THE PARTIES

6.     Plaintiff, Croley, is a citizen of the United States and resides at 7793 The Lakes Drive, Fairburn, Georgia 30213. Croley is a former employee of Defendant.

7.     Croley is entitled to bring actions of this kind and nature in this judicial district.

8.     At all times material hereto, Croley was an "employee" of United Airlines within the meaning of 42 U.S.C. § 2000s(f).

9.     At all times material hereto, Croley was over 40 years of age and member of the protected class proscribed under the ADEA at 29 U.S.C. §621.

3

10.    Defendant, United Airlines, Inc., is a corporation organized under the laws of the State of Chicago, IL, and headquartered at 233 S. Wacker Drive, 14th Floor, Chicago, IL 60606. United Airlines, Inc. maintains a principal place of business in the State of Georgia and may be served through its Registered Agent, C T Corporation System, at 289 S Culver St., Lawrenceville, GA 30046-4805.

11.    At all times relevant, Defendant was engaged in an industry affecting commerce within the meaning of Section 11(h) of the ADEA, 29 U.S.C. § 630(h).

12.    At all times relevant, United Airlines has been an "employer" of Croley within the meaning of 42 U.S.C. § 2000e(b) and the ADEA, 29 U.S.C. §630(b).

13.    At all times relevant, Defendant knew that its employment decisions were subject to the ADEA and 42 U.S.C. § 2000e-3.

14.    At all times relevant, Defendant was an employer who had at least 20 employees as proscribed under the ADEA at 29 U.S.C. §621 et seq.

15.    At all times relevant, Defendant is an employer that engages in an industry affecting commerce within the meaning of Title VII, and has employed

4

more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

16.    Defendant is subject to the personal jurisdiction of this Court.

## ADMINISTRATIVE PROCEDURE

17.    On or about November 4, 2016, Croley filed a Charge of Discrimination against United Airlines with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC designated this Charge as Charge Number 410-2017-00770 (hereinafter referred to as "the Charge of Discrimination"). Croley amended her Charge of Discrimination on or about November 15, 2016, to add an additional charge of age discrimination. On or about January 24, 2017, Croley amended her Charge of Discrimination to reflect her termination on December 5, 2016.

18.    In the Charge of Discrimination, Croley asserted that United Airlines fast tracked and targeted her for demotion and termination without just cause. Croley alleged that she was prohibited from attending company trainings in which her younger coworkers were afforded the opportunity to attend and was forced to work in a hostile environment created by her direct supervisor. Croley also asserted that United Airlines subjected her to retaliation and subsequent termination when

5

she submitted a report, on an assignment, wherein Croley expressed opposition to a business decision the company was pursuing.

19.    Croley filed the Charge of Discrimination within 180 days of the unlawful employment practices alleged therein. All allegations contained in these charges are hereby incorporated in this Complaint by reference. (*See* Charges of Discrimination attached hereto and marked Exhibit "A").

20.    On or about August 22, 2017, the EEOC issued Croley a Dismissal and Notice of Right to Sue (hereinafter "Right to Sue Letter") with respect to her Charge of Discrimination. (*See* Notice of Right to Sue attached hereto and marked Exhibit "B").

21.    This action is commenced within 90 days of Croley's receipt of the Right to Sue Letter.

## **FACTUAL ALLEGATIONS**

22.    Plaintiff was originally hired by Defendant, United Airlines, on September 25, 2000, as an Airport Service Agent in the Airport Services Division.

23.    Defendant is a major United States airline and the world's third-largest airline when measured by revenue. Defendant employs over 86,000 people worldwide.

24.    During the course of her employment, Croley served as a member of a team of five (5) and was responsible for managing 28 stations and making sure that the vendor services were up to standard at varying cargo facilities and line stations.

25.    In or around February of 2014, the company underwent a restructure of the Cargo Department, at that time the Cargo Department branched into a separate division and Croley was removed from the Airport Services Division and began working solely for the Cargo Division as a Regional Performance Supervisor.

26.    At the time of this restructure, Croley was transitioned into the Cargo Division without any formal or structured training. All other employees currently working for the Cargo Division received all required and necessary trainings.

27.    During the restructure, Croley received a new supervisor and reported directly to Chris Ward.

28.     In or around June of 2014, Croley was assigned to work on a project that concerned Defendant's decision to move their Cargo Department operations to the "Swissport Building." In response to this assignment, Croley submitted a report to her supervisor, Chris Ward, detailing the reasons why she opposed the operational move to the Swissport Building.

29.     Against Croley's advice, Defendant decided to move the Cargo Division operations to the Swissport Building.

30.     While working in the Cargo Division, the employees were responsible for receiving mail parcels and packages and scanning the received packages into their electronic system.

31.     During this time, it was company policy that Defendant would only get paid for the mail parcels and packages that they received and scanned into their electronic system.

32.     Due to the payment policy regarding mail intake, Defendant asked Croley and other employees to intentionally falsify mail intake procedures by requesting Croley and others manually mark all "unscanned" packages as "received" even though those packages had never been scanned into their system.

33.    Croley believed that such mailing practices were illegal and began to make complaints to Mr. Ward about falsifying the "unscanned" packages and marking them as "received" and refused to obey Defendant's request to falsify the records.

34.    Following the move to the Swissport Building, Croley along with her supervisor Mr. Ward and the Swissport Leadership team had an executive meeting to discuss the operational issues that began to ensue after the relocation. During this meeting Croley mentioned the report she had previously submitted regarding the relocation and discussed the reasons for her opposition as detailed within her report.

35.    Following this board meeting, Croley was immediately reprimanded by Mr. Ward regarding the information that she shared with the executives during the meeting.

36.    Directly following this conversation, Mr. Ward began to publically ridicule Plaintiff and began to speak to Plaintiff in a disparaging and disrespectful manner in front of her coworkers.

37.    Plaintiff Croley, as the only member of her team with a college degree, began receiving insulting comments from her supervisor Mr. Ward

regarding her competency. Specifically, on one occasion he said "people with degrees think they know something then they really don't know anything."

38.     On other occasions, Mr. Ward would make reference to and make it know to Croley's younger coworkers that Croley was the oldest person on their team.

39.     On several occasions, Croley would request the ability to attend company provided trainings and programs which would assist her in her role as a Regional Performance Supervisor for the Cargo Division. Every request was ignore and/or deny by Mr. Ward.

40.     For example, Mr. Ward preferred to receive reports in an Microsoft Excel format, however, when Croley expressed the desire to attend a company provided training on the use and operation of Microsoft Excel Mr. Ward denied her request and would make public statements that "she just doesn't get it" regarding Croley's inability to utilize Microsoft Excel.

41.     Pursuant to the Cargo Division restructuring, all employees were to receive a raise. However, Croley did not receive a raise.

42.     After making several inquiries about her raise to her supervisor, Plaintiff escalated her inquiry and asked a Human Resource manager, in or around September of 2015, about the status of her raise. Plaintiff also advise the HR manager that her supervisor, Mr. Ward, would probably get upset regarding inquiry and hold it against her.

43.     In or around December of 2015, Croley received a seven (7%) percent raise.

44.     Subsequently, on or about June 7, 2016, Croley was placed on a Performance Improvement Plan by her supervisor Mr. Ward.

45.     On or about September 27, 2016, Croley was placed on an Extended Performance Improvement Plan by her supervisor Mr. Ward.

46.     On or about December 5, 2016, after returning from medical leave, Croley was informed that her employment with United Airlines was being terminated because she had failed to successfully complete the performance improvement plan she had arbitrarily been placed on.

47.     Prior to Croley's termination from employment, she requested for two (2) continuous years the ability to attend important trainings and a necessary two

11

week training session, but was continuously denied the opportunity to attend and/or participate. Denial of such employment training opportunities coupled with Croley's subsequent termination were directly related to Plaintiff's age, in violation of the ADEA, and in retaliation due to Croley's opposition regarding the Swissport operation move and the other illegal and inappropriate departmental issues.

48.     Prior to Plaintiff's termination, she was the oldest employee in her unit, specifically over the age of 40 years of age, and the only employee in her division with a college degree. All of the efforts of the Defendant was to make available positions and trainings for a younger staff members ranging from ages 30 to 40 while denying the plaintiff who was over the age of 40 the ability to get the same type of training.

49.     Prior to Plaintiff's arbitrarily induced Performance Improvement Plan ("PIP"), Plaintiff was qualified and afforded the right to attend company training programs to better equipment her for her new role in the Cargo Department.

50.     Prior to this "youth movement" the Plaintiff never received a PIP or a negative performance review.

51.     Plaintiff was involuntarily denied employment opportunities and company trainings which ultimately resulted in Plaintiff's constructive termination.

52.     After expressing concerns with the Swissport move at the June 2014 executive meeting, Croley was retaliated against and held to different standards than her younger counterparts. Plaintiff's placement on a PIP was conducted only to further scrutinize her performance and ultimately initiate a constructive termination.

53.     Some of the performance disparities experienced by plaintiff are the following:

a.     Vince Yanak, a significantly younger white male than the Plaintiff Croley, Regional Performance supervisor, Mr. Yanak was defended by his manager when he displayed and inability to meet his metric requirements.

b.     Aman Mehrok, a significantly younger white male than the Plaintiff Croley, Cargo Manager, Mr. Mehrok was promoted to Croley's manager while his Washington, DC Cargo Station reported the same metric failures as the Atlanta Base Cargo Station.

54.     Defendant's stated termination reasons were for failure to meet company standards.

55.     As a result of Plaintiff's termination she lost all employment benefits, including travel benefits, which had been accrued for sixteen (16) years.

56.     The actions of the Defendant were intentional and/or subjected the Plaintiff to disparate treatment based on her age.

57.     Defendants retaliated against Plaintiff Croley based upon her whistle-blowing of Defendants illegal acts, practices and procedures.

58.     Plaintiff has been a victim of disparate treatment on the basis of age.

59.     Plaintiff further has been the victim of unlawful retaliation for reporting opposition to the Cargo Divisional relocation and restructuring and reporting opposition to several illegal and unethical company procedures.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE ADEA

60.     The allegations set forth in paragraphs 1 through 59 are incorporated by reference herein as if fully set out in this paragraph.

61.    The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendant in whole or substantial part because of her age was in violation of the ADEA, 29 U.S.C. §§ 621 *et seq.*

62.    Defendant's violation of the ADEA was willful and Plaintiff seeks liquidated damages for each violation.

63.    Plaintiff has been made to suffer mental anguish and emotional distress, pain and suffering, loss of employment and future employment opportunities, loss of wages and benefits, loss of health care and other benefits of employment, and loss of retirement benefits as the direct and proximate result of defendant's violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

64.    Plaintiff is entitled to the rights and remedies at law provided by the ADEA and Title VII, including actual damages, compensatory damages, liquidated damages, back pay and benefits, reinstatement or front pay, punitive damages, injunctive relief and attorneys' fee.

## COUNT II
## LIQUIDATED DAMAGES – ADEA

65.    The allegations set forth in paragraphs 1 through 64 are incorporated by reference herein as if fully set out in this paragraph.

66.    Defendant's discriminatory acts were willful within the meaning of the ADEA, and Croley is entitled to liquidated damages under 29 U.S.C. §626(b).

## COUNT III
## RETALATION

67.    The allegations set forth in paragraphs 1 through 66 are incorporated by reference herein as if fully set out in this paragraph.

68.    Defendant's actions against Plaintiff following her complaints of illegal company practices, Plaintiff's opposition to the company's restructuring, Plaintiff's inquiry about her restructuring raise, and Defendant's disparate treatment of Plaintiff regarding her age were committed with reckless disregard for her right to be free from discriminatory treatment on account of her opposition to discriminatory practices in violation of the ADEA, 29 U.S.C. §621 *et seq.* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*.

69.    Defendant retaliated against Plaintiff when Defendant began to publically ridicule Plaintiff, speak to Plaintiff in a disparaging and disrespectful manner in front of her younger coworkers, and placed Plaintiff on a PIP only after Plaintiff expressed opposition to the Swissport Cargo Division relocation and varying unethical and illegal departmental practices.

70.    Defendants retaliated against Plaintiff Croley based upon her whistle-blowing of Defendants illegal acts, practices and procedures.

71.    Defendant's violation of the ADEA was willful and Plaintiff seeks liquidated damages for each violation.

72.    Defendant has acted with malice, wanton, oppressive, and/or with reckless indifference to the federally protected rights of Croley when it terminated her employment.

73.    Plaintiff has been made to suffer mental anguish and emotional distress, pain and suffering, loss of employment and future employment opportunities, loss of wages and benefits, loss of health care and other benefits of employment, and loss of retirement benefits as the direct and proximate result of defendant's violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

74.    Plaintiff is entitled to the rights and remedies at law provided by the ADEA and Title VII, including actual damages, compensatory damages, liquidated damages, back pay and benefits, reinstatement or front pay, punitive damages, injunctive relief and attorneys' fee.

75.     As the direct and proximate result of Defendant's unlawful retaliation against Croley, she has been forced to incur attorneys' fees and expenses of litigation for which Defendant is liable.

WHEREFORE, Croley demands TRIAL BY JURY and that:

a.      The Court adjudicate and declare that the acts of Defendant complained of in this Complaint violated Plaintiff's rights under the ADEA and Title VII;

b.      The Court permanently enjoin Defendant, its officers, agents, successors, employees, attorneys, assigns and other representatives, and all those acting in concert with them or at their direction, from engaging in any employment policy or practice that discriminates against any employee on the basis of age;

c.      Plaintiff recover appropriate back pay, including reimbursement of lost salary, commissions, bonuses, incentive compensation, pension, social security, and other benefits in amounts to be shown at trial;

d.      Plaintiff be awarded damages to cover all lost income, lost health care and other benefits which she would have received or accrued but for the unlawful actions taken against her;

e.      Plaintiff be awarded prejudgment interest on any award of back pay made by the jury as required by law;

18

f.      Plaintiff be awarded liquidated damages equal to her back pay, as a result of Defendant's willful violations of the ADEA;

g.      Plaintiff  be awarded compensatory damages in an amount to be determined by the enlightened conscience of the jury, for her for the emotional injuries, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, special damages and other losses and injuries suffered as a result of the unlawful actions taken against her;

h.      Plaintiff be awarded front pay through projected date of retirement or, alternatively, order Defendant to reinstate Plaintiff to her last-held position or to an equivalent position;

i.      Plaintiff be awarded punitive damages against Defendant as a consequence of its willful, malicious, reckless and intentional conduct;

j.      Plaintiff be awarded reasonable attorney's fees, costs of litigation, and disbursements; and

k.      Plaintiff be awarded such additional monetary and equitable relief as may be just.

Respectfully submitted this 22nd day of November, 2017.

DANIEL R. MEACHUM & ASSOCIATES


/s/ Daniel R. Meachum
Daniel R. Meachum
Georgia Bar No. 500055
Attorney for Plaintiff


The Historic Grant Building
44 Broad Street NW
Suite 805
Atlanta, Georgia 30303
Tel: (404) 521-0029
Fax: (404) 521-0030
dmeachum@dmeachumlaw.com

20

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November, 2017, I

electronically filed this COMPLAINT with the Clerk of Court using the

CM/ECF electronic filing system. I hereby certify that I will serve by United

States Postal Service the document to the following non-CM/ECF

participants on Saturday, November 25, 2017:

Attn: CT Corporation System
United Airlines, Inc.
289 S Culver St.
Lawrenceville, GA 30046-4805

Respectfully submitted this 22nd day of November 2017.

/s/ Daniel R. Meachum
Daniel R. Meachum
Georgia Bar No. 500055
Attorney for Plaintiff

The Historic Grant Building
44 Broad Street NW
Suite 805
Atlanta, Georgia 30303
Tel: (404) 521-0029
Fax: (404) 521-0030
dmeachum@dmeachumlaw.com